In re PRATESI.

(District Court, D. Delaware. December 24, 1903.)

No. 88.

1. LIVERY STABLES—LIEN—BANKRUPTCY.
   The lien created by "An act for the protection of keepers of livery and boarding stables" (chapter 620, p. 920, 17 Del. Laws) does not require or depend upon, for its existence, the institution of judicial or other proceedings, but is a perfect lien directly created by the statute, and, as such, is cognizable and enforceable in bankruptcy.

(Syllabus by the Court.)

In Bankruptcy.

Levin I. Handy, for petitioning creditor.
Phillip L. Garrett, for respondent in the rule.

BRADFORD, District Judge. Charles Pratesi, trading as Charles Pratesi and Company, was duly adjudicated an involuntary bankrupt December 16, 1903, on the petition of certain of his creditors, filed November 26, 1903; but no trustee has yet been appointed. On the petition of George B. Booker, one of the petitioning creditors, filed November 28, 1903, a rule was granted directed to George A. Willis, requiring him to show cause why a preliminary injunction should not be awarded restraining him from selling or otherwise proceeding against certain personal property of Pratesi to enforce an alleged lien in favor of Willis, and a restraining order was issued to continue in

force until the hearing and determination of the rule to show cause. The petition of Booker also prayed for all further relief that might be "necessary and proper under this proceeding." Willis is the keeper of a livery or boarding stable in the city of Wilmington, and claims a statutory lien on certain personal property, consisting of horses, wagons, harness, etc., by virtue of the act of April 2, 1885, entitled "An act for the protection of keepers of livery and boarding stables." Chapter 620, p. 920, 17 Del. Laws. The above property is admitted by Willis to belong to Pratesi; and the occupation of the former brings him within the purview of that statute. The only provisions pertinent to the case, as presented, are contained in section 1, and are as follows:

"Section 1. That any hotel-keeper, inn-keeper, or other person who keeps a livery or boarding stable, and for price or reward at such stable furnishes food or care for any horse, or has the custody or care of any carriage, cart, wagon, sleigh or other vehicle, or any harness, robes, or other equipments for the same, shall have a lien upon such horse, carriage, cart, wagon, sleigh, vehicle, harness, robes or equipments, and the right to detain the same to secure the payment of such price or reward, and may, subject to the provisions of this act hereinafter contained, after the expiration of fifteen days from the time the same or any part thereof became due and payable, the same remaining unpaid in whole or in part, sell the property upon which he has such lien at public sale, at such livery or boarding stable, to the highest and best bidder or bidders therefor, first giving at least ten days' notice of such sale by hand bills posted in five or more public places in the county in which such sale is to be had and by advertisement in a newspaper published in said county, describing the property to be sold, and naming the day, hour and place of sale thereof, and may apply the money arising from said sale to the payment of the amount then remaining due, including therein compensation at the same rate as such stipulated price or reward for food, care or custody furnished or bestowed as aforesaid up to the time of sale, together with the costs and expenses of sale."

Willis alleges in his answer to the rule that the amount of his claim against Pratesi on account of which he asserts a statutory lien is $1,294.34, and that the larger portion of that sum, namely, $1,042.34, accrued more than four months prior to the filing of the involuntary petition. These allegations are not denied in any of the papers and their truth may, therefore, for the purposes of this application, be considered as admitted. It appears that the value of the property on which Willis claims a statutory lien is about $560. It further appears that Willis within four months next preceding the filing of the involuntary petition gave notice that the above mentioned property, as the property of Pratesi, would by virtue of the statute be sold November 30, 1903, for "keep, care and custody," or, in other words, to satisfy in whole or in part any lien Willis had under the statute on the property. In cases coming within the statute the keeper of the livery or boarding stable has a lien, the existence of which does not require or depend upon the institution of any judicial or other proceedings. The statute provides means for enforcing the lien, and the circumstances under which it may be lost, but it is a perfect lien directly created by the statute. Such lien clearly is cognizable and enforceable in proceedings in bankruptcy. In re Mitchell (D. C.) 116 Fed. 87, and cases there cited. The facts disclosed in this case, and especially the nature of the provisions of the state statute relating

to the enforcement of liens thereunder, convince me that the personal property in question should be administered in bankruptcy and that whatever lien Willis has should be asserted in this court; and, further, that, in the language of the bankruptcy act, it is "absolutely necessary for the preservation of the estate" of the bankrupt that a receiver or the marshal be appointed to take charge of it until the qualification of a trustee. An order will, therefore, be made awarding a preliminary injunction restraining Willis from selling or otherwise disposing of the property in question, and appointing the marshal to take charge of the same until the qualification of a trustee.